IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA HERMAN                                                                                           PLAINTIFF

v.                                    Civil No. 11-2094

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                   DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Joshua Herman, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.   Procedural Background:**

The plaintiff filed his applications for DIB and SSI on May 9, 2008, alleging an onset date of May 5, 2008, due to multiple sclerosis ("MS"), vision impairments, depression, and anxiety. Tr. 124, 128, 154, 189, 204, 210. His applications were denied initially and on reconsideration. Tr. 77, 80, 89, 91.

An administrative hearing was held on October 8, 2009. Tr. 28-72. Plaintiff was present and represented by counsel. At this time, plaintiff was 27 years of age and possessed a high school education. Tr. 33, 36. He had past relevant work ("PRW") experience as an institutional cleaner. Tr. 22, 44, 173-180, 212-213, 216.

On October 16, 2009, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's multiple sclerosis ("MS") and adjustment disorder did not meet or equal any Appendix 1 listing. Tr. 15-17. The ALJ determined that plaintiff maintained the residual functional capacity ("RFC") to

> sit for 6 hours during an 8-hour workday and can stand and walk for about 6 hours during an eight-hour workday. He can occasionally climb ramps, stairs, balance, stoop, kneel, crouch and crawl. The claimant cannot climb ladders, ropes or scaffolds. He must avoid concentrated exposure to heat. The claimant should avoid even moderate exposure to hazards, such as unprotected heights and heavy machinery. He should not drive. Additionally, the claimant can understand, remember, and carry out simple, routine, and repetitive tasks. He can respond appropriately to supervisors, co-workers, and usual work situations, but can have occasional contact with the general public.[1]

Tr. 17. With the assistance of a vocational expert, the ALJ then found that plaintiff could perform work as an machine tenderer and motel cleaner. Tr. 22-23.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on March 24, 2011. Tr. 1-6. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. Doc. # 9, 10.

## II.   **Applicable Law**:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial

---

[1] A review of the RFC assessment provided to the vocational expert indicates that the ALJ also concluded Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently. Tr. 65.

evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *See Barnhart v. Walton*, 535 U. S. 212, 219-220 (2002).

A.      **The Evaluation Process**:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion:

At the onset, we note that the ALJ concluded that Plaintiff's MS and adjustment disorder constituted severe impairments, but specifically found that Plaintiff's visual impairment secondary to his MS was non-severe. An impairment is only non-severe when it amounts to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities. *See Bowen v. Yuckert,* 482 U.S. 137, 153 (1987); *id.* at 158 (O'Connor, J., concurring); 20 C.F.R. § 404.1521(a).

In the present case, Plaintiff's treating opthamologist diagnosed Plaintiff with bilateral inferior visual field defects resulting in a 35-40% loss of field of vision in both eyes. Tr. 342. He has also complained of diplopia and blurry vision when experiencing a MS flare-up. Although we do not know exactly what a 35-40% loss of field of vision correlates to in terms of limitations, we believe that it meets the threshold requirement for a severe impairment.

We also believe that the record needs to be further developed with regard to the exact limitations imposed by Plaintiff's visual impairment. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (holding ALJ owes a duty to a claimant to develop the record fully and fairly to ensure her decision is an informed decision based on sufficient facts). Accordingly, we do not find substantial evidence to support the ALJ's conclusion that Plaintiff's visual impairment was non-severe, and recommend remanding the case for further evaluation. On remand, the ALJ

AO72A
(Rev. 8/82)

should also be directed to request that Dr. Renner completed an RFC assessment indicating the affect Plaintiff's visual limitations have on his ability to perform activities of daily living and work-related tasks.

The ALJ's RFC assessment also fails to take into account all of Plaintiff's limitations. RFC is the most an individual is capable of doing despite the combined effects of their severe and non-severe medically determinable impairments. *See* 20 C.F.R. § 404.1545(a); *see also Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008). Accordingly, the ALJ's RFC assessment should have included limitations resulting from Plaintiff's vision impairment, even though he did not find the impairment to be severe. While we are cognizant of the ALJ's determination that Plaintiff can not climb ladders, ropes or scaffolds; must avoid concentrated exposure to heat; and, should avoid even moderate exposure to hazards, such as unprotected heights and heavy machinery, the assigned RFC assignment contains no restrictions related to visual acuity or depth perception. Visual acuity and depth perception are non-exertional impairments that can impact an individual's ability to perform a variety of activities. *See Doolittle v. Apfel*, 249 F.3d 810, 812 (8th Cir. 2001) (holding that loss of visual acuity is a nonexertional impairment that must be presented to a vocational expert). In fact, a review of the positions identified by the vocational expert reveals that visual acuity and depth perception is a frequent requirement (1/3 to 2/3 of the time) for at least one of the positions. *See* Dictionary of Occupational Titles § 556.685-022, www.westlaw.com. Accordingly, remand is also necessary to allow the ALJ to reassess Plaintiff's RFC. Noting the ALJ's current failure to include Plaintiff's lifting and carrying limitations in the RFC assessment, he is directed to make certain that these limitations are specifically enumerated in his opinion on remand.

### IV.    Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of April 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)